UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES E. WINTERS<br>and<br>MELVIN B. WILSON, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 3:10-cv-01188<br>Judge Campbell |
| v. | )<br>) | |
| R.C.A.D.C., et al., | )<br>) | |
| Defendants. | ) | |

**M E M O R A N D U M**

The plaintiffs, proceeding *pro se* and *in forma pauperis*, are incarcerated at the Rutherford County Adult Detention Center ("RCADC") in Murfreesboro, Tennessee. They bring this action under 42 U.S.C. § 1983 against the Rutherford County Adult Detention Center and Sheriff Robert Arnold in his official capacity only, alleging that the conditions of confinement at the RCADC violate the Eighth Amendment of the United States Constitution. (Docket No. 1). They ask the court to implement changes within the RCADC and to award compensation for inmates whose health has been affected by the conditions of the RCADC. (*Id.*)

**I.     Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable

1

basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II. Facts

The plaintiffs allege that the conditions of confinement at the RCADC are unsanitary and deplorable. For example, the plaintiffs state that their meals are served cold and on dirty trays, that the officers' "catwalk" is dirty and mold-infested, that some inmates must eat their meals within close proximity to their toilets, and that inmates are not tested for communicable diseases upon booking. The plaintiffs do not allege any injuries resulting from these alleged conditions.[1]

## III. Section 1983 Standard

The plaintiffs allege several claims under § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens*

---

[1] Plaintiff Winters alleges that he is "starting to throw up blood" but he does not explain how this medical problem is linked to any specific condition within the RCADC. (*See* Docket No. 1, Mr. Winters' signature page, pages unnumbered).

*Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**IV.   Analysis**

The plaintiffs' complaint names as defendants (1) the Rutherford County Adult Detention Center and (2) Sheriff Robert Arnold in his official capacity. However, the Rutherford County Adult Detention Center, like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Marbry v. Correctional Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000).

Because the plaintiffs are proceeding *pro se*, the court could construe the complaint as an attempt to state a claim against Rutherford County, the entity responsible for the operation of the Adult Detention Center. However, a claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Rutherford County or its agent, the Rutherford County Sheriff's Department. *Monell*, 436 U.S. 658, 690-691. In short, for Rutherford County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

The plaintiffs here have offered nothing to suggest that their rights were violated pursuant to a policy or regulation of Rutherford County. Consequently, the plaintiffs have failed to state a claim against Rutherford County.

The plaintiffs also allege § 1983 claims against Sheriff Robert Arnold in his official capacity only. As such, the plaintiffs are suing Sheriff Arnold's official office rather than the individual himself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In essence, then, the plaintiffs'

claims against Sheriff Arnold are claims against Rutherford County, the municipal entity that operates the Detention Center. *See Kentucky v. Graham*, 473 U.S. 159 (1985). As noted above, the plaintiffs have failed to allege a claim of governmental liability. Consequently, the complaint does not contain a claim upon which relief can be granted.

**V.      Conclusion**

For these reasons, the court finds that the plaintiffs' complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the complaint will be dismissed.

An appropriate Order will be entered.

_____
Todd J. Campbell
United States District Judge